UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARCUS ROWELL, et al., | CASE NO. C25-0133JLR |
| Plaintiffs, | ORDER |
| v. | |
| SAFECO INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

Before the court is the parties' stipulated motion to continue the trial date by approximately 90 days and reset the pretrial deadlines accordingly. (Stip. Mot. (Dkt. # 18).) The parties argue that there is good cause to grant the motion because they determined during the course of discovery that they need additional discovery to inform a potential resolution of the case. (*Id.* at 2.) They assert that an extension of deadlines would enable them to conduct depositions and explore resolution. (*Id.*)

//

ORDER - 1

The current scheduling order sets the deadline for discovery on February 23, 2026; the deadline for all dispositive motions and motions challenging expert witness testimony on March 23, 2026; and the jury trial on July 6, 2026.  (*See* Sched. Order (Dkt. # 13).) The scheduling order also provides that the case schedule may be modified "only upon good cause shown[.]"  (*Id.* at 2); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  "Good cause" focuses on the diligence of the party seeking to modify the scheduling order.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Therefore, the party must demonstrate that it could not meet the deadline imposed by the scheduling order despite its diligence.  *Id.*

The court does not find good cause.  The parties have been aware of the case schedule and deadlines since April 8, 2025.  (*See* Sched. Order.)  The deadline for disclosure of expert testimony was December 23, 2025; the deadline for all motions related to discovery was January 22, 2026; and the deadline for discovery is February 23, 2026.  (*See id.*)  The parties, however, waited until February 20, 2026 to file their stipulation.  (*See* Stip. Mot.)  Even if the parties had shown good cause, the court cannot accommodate a 90-day extension of the trial date in the second half of 2026.  Therefore, the court DENIES the parties' motion (Dkt. # 18).

The court is willing, however, to consider moving the trial date to either August 24, 2026, or the end of its trial calendar.  The parties should be aware that the court is currently scheduling trials in Fall 2027.  If the court moves this matter, it will issue a new scheduling order that resets the discovery completion deadline and all subsequent pretrial

ORDER - 2

deadlines.  If the parties wish to seek this relief, they should file a stipulated motion to that effect.

Dated this 24th day of February, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 3